UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC PEREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00071-JPH-MJD |
| ) | |
| LONNIE LIGGINS, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Eric Perez is a prisoner currently incarcerated at Terre Haute U.S. Penitentiary ("Terre Haute-USP"). He filed this civil action requesting to press charges on three inmates who stabbed him. Because the plaintiff is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.      Filing Fee**

Mr. Rock has through **April 5, 2023**, in which to either pay the $402.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on February 12, 2023. 28 U.S.C. § 1915(a)(2).

**II.     Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. The Complaint

Mr. Perez has filed a one-page "affidavit of complaint," which was opened as a new civil action in this Court. Dkt. 1.

Mr. Perez alleges that three inmates attacked, beat, and stabbed him on January 8, 2023. Dkt. 1. Mr. Perez suffered serious injuries, requiring emergency care. *Id.* Mr. Perez states that an investigation has been conducted at the prison level.

For relief, Mr. Perez states, "I would like to press charges on these men who tried to murder me. It is my right to have these men answer to the charges brought upon them." *Id.*

### IV. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed** for failure to state a claim upon which relief may be granted.

"[T]he decision whether or not to prosecute . . . generally rests entirely in [a prosecutor's] discretion," *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978), and "involves consideration of myriad factors such as the enforcement priorities of the office, the determination as to the strength of the case, the prosecutorial resources available, and the prosecution's general deterrence values,

and those factors are ill-suited to judicial review." *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015); *see also Colston v. Cramer*, No. 07-11061-BC, 2008 WL 3833651, *3 (E.D. Mich. Aug. 12, 2008) (finding civil rights complaint must be dismissed because the only relief incarcerated plaintiff sought was to press charges against corrections officer who allegedly sexually assaulted him) (citing *Bordenkircher*, 343 U.S. at 364). Accordingly, this Court is unable to provide Mr. Perez any relief via a civil complaint.

### V.     Opportunity to Show Cause

Mr. Perez's complaint must be dismissed for failure to state a claim upon which relief can be granted. Mr. Rock shall have **through April 5, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 3/10/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC PEREZ
04271-480
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808